## Case No. 16,026.

### UNITED STATES v. PENNINGTON.

[Pet. C. C. 113.] 1

Circuit Court, D. Pennsylvania.    April Term, 1815.

#### INTERNAL REVENUE—REFINED SUGAR.

1. The act of congress passed July 24, 1813 [3 Stat. 35], which imposed "a duty on all sugar refined within the United States," after the first day of January 1814, did not subject to the duty sugar refined before that day and put into moulds.

2. In an action on the bond given in pursuance of that act, it would be sufficient for the defendant to show, that the sugar sent out for sale, was refined before the first of January, 1814.

The only question in this cause was, whether sugar, which had gone through the whole process of refining, and was, on 1st of January 1814, in moulds or in the store room; was subject to the duty imposed by the first section of the act of the 24th of July 1813,—4 Laws [Bior. & D.] 564 [3 Stat. 35],—which declares, that "from and after the first of January 1814, there be levied, collected, and paid, upon all sugar which shall be refined within the United States, a duty of four cents per pound." It was proved, by witnesses who had long been engaged in the business of refining sugar. that when it is fit to be removed into the cistern, where it is granulated, it is

considered as refined, the subsequent processes being only necessary to mould, whiten and dry it. It was also proved, that under the law of June, 1794,—2 Laws [Bior. & D.] 428 [1 Stat. 384],—the sections of which are the same as those of the law under consideration, the duty was not demanded, or in any instance paid, upon sugar, which, prior to the 30th September, 1794, was in a state, similar to the sugar, respecting which the question in this case arose.

WASHINGTON, Circuit Justice. It is contended, on the part of the United States, that unless the whole process of preparing sugar for market, was completed before the 1st of January, that it could not either technically, or to the common understanding of the world, be called refined sugar; and if any thing to render it so remained to be done, after the 1st of January, it is subject by law to the duty. 2dly. If it is not so, still the duty ought to be paid, although the whole process had been completed before that time, if it was sent out from the building, after that day.

First. The argument on this point might be more plausible, if the duty had been imposed upon refined sugar, or upon loaf or white sugar; as it might then have been said, that sugar does not in general obtain those appellations, until it is fully prepared for sale. But the duty is imposed upon all sugar, refined before a certain day, referring to a particular process in preparing the sugar for sale; and which it is proved, by abundant evidence, is terminated before the sugar is put into the moulds; the act of refining is completed, when it is fit to be granulated; and if this be accomplished before a particular day, it is absurd to say that it is refined after that day.

There is still less doubt on the second point. The 1st section of the law imposes a duty on sugar, refined after the 1st of January, and not upon sugar sent from the house after that day. But it does not become due, until it is sent out. Had the duty been laid upon all sugar, which might be sent out after a certain day; it is scarcely to be believed that any refiner would have had sugar subject to the duty, in his warehouse on that day; and consequently, a construction, which admits the inefficacy of the law, by the facility with which it might have been evaded, is not to be hastily adopted. But the condition of the bond, directed to be given by the 2d section, is conclusive. This bond is required to secure the United States, in the duties to be paid under that law; and it refers expressly to sugar refined after the 1st of January; and in an action upon that bond, it would clearly be sufficient for the defendant to shew, that the sugar sent out, was refined before the 1st of January, 1814.

Verdict for defendant.